UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALFONSO ALLAN BROOKS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C09-650-MJP-MAT
(CR03-311-MJP)

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution at Sheridan, Oregon. He has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a motion seeking to dismiss petitioner's § 2255 motion on the grounds that petitioner's post-conviction motion was filed after expiration of the one-year statutory deadline.[1] Petitioner has filed a response to the government's motion and the

---

[1] On July 8, 2009, the government filed a motion seeking an extension of time from July 30, 2009, to August 31, 2009, to file its answer to petitioner's motion. However, the government filed its motion to dismiss, which was submitted in lieu of an answer, on July 30, 2009. The government's motion for an extension of time (Dkt. No. 7) is therefore STRICKEN as moot.

REPORT AND RECOMMENDATION
PAGE 1

government has filed a reply brief in support of its motion to dismiss.[2]  This Court, having reviewed petitioner's § 2255 motion, the government's motion to dismiss, and the balance of the record, concludes that petitioner's § 2255 motion is untimely and that the government's motion to dismiss should therefore be granted.

PROCEDURAL HISTORY

On June 28, 2004, petitioner was found guilty, following a jury trial, of multiple drug trafficking offenses and of possessing a firearm during and in furtherance of a drug offense. (CR03-311-MJP, Dkt. No. 384.)  On May 23, 2005, petitioner was sentenced to a total term of 300 months imprisonment. (*Id*., Dkt. Nos. 491 and 492.)  Petitioner filed a timely notice of appeal on May 31, 2005. (*Id*., Dkt. No. 494.)  And, on November 29, 2007, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming petitioner's convictions. *See United States v. Alfonso Allan Brooks*, 508 F.3d 1205 (9th Cir. 2007).

After the Court of Appeals issued its opinion, the government moved for, and was granted, an extension of time to file a petition for rehearing. (*See* Dkt. No. 8, Ex. 1 at 7, Dkt. No. 70.)  The Court of Appeals established a deadline of January 14, 2008, for the filing of any petition for rehearing. (*Id.*)  No petition for rehearing was ever filed and the Court of Appeals issued its mandate on March 6, 2008. (*Id*., Ex. 1 at 8, Dkt. No. 72.)

On May 11, 2009, this Court received the instant § 2255 motion for filing. (Dkt. No. 1.)  A review of the motion reveals that it was signed by petitioner, and delivered to institutional authorities for mailing, on May 5, 2009. (*See id*. at 14-15.)

---

[2] Petitioner also filed a supplemental response in opposition to the government's motion. The supplemental response was filed in response to the arguments set forth by the government in its reply brief.  The supplemental response is not a filing contemplated by the rules of this Court and is therefore STRICKEN.

REPORT AND RECOMMENDATION
PAGE 2

## DISCUSSION

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one year limitations period starts to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The question of when a conviction becomes final for purposes of triggering the one-year limitation period of § 2255 was addressed by the United States Supreme Court in *Clay v. United States*, 537 U.S. 522 (2003). In *Clay*, the Supreme Court held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id*. at 532. In reaching this conclusion, the Supreme Court expressly rejected an alternate argument that a judgment becomes final when an appellate court issues its mandate affirming a conviction. *See id*.

The Ninth Circuit affirmed petitioner's convictions and sentence on November 29, 2007. The government argues that petitioner had 90 days after the entry of the Court of Appeals' ruling affirming his convictions, or until approximately February 27, 2008, to file a petition for writ of certiorari in the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a petition for review, the government argues that petitioner's convictions became final for § 2255 purposes on February 27, 2008, and, thus, that petitioner was required to file his § 2255 motion by February 27, 2009.

Petitioner argues in his response to the government's motion to dismiss that the government's reliance on *Clay* is misplaced because he does not argue that the Court of Appeals' issuance of the mandate on March 6, 2008, triggered the one-year limitations period. Petitioner argues instead that the 90 day period for filing a petition for writ of certiorari in the United States Supreme Court began to run on February 29, 2008, a date seven days prior to the date the Court of Appeals issued its mandate on petitioner's direct appeal.

REPORT AND RECOMMENDATION
PAGE 3

Petitioner relies on the language of Fed. R. App. P. 41(b) to support his argument. Rule 41(b) provides that the Court of Appeals must issue its mandate either seven days after the time to file a petition for rehearing expires *or* seven days after entry of an order denying a timely petition for panel rehearing. Petitioner suggests that because the Court of Appeals did not issue its mandate on January 21, 2009, seven days after the expiration of the extended deadline for filing a petition for rehearing, the Court, in effect, treated the government's motion for an extension of time to file a petition for rehearing as a petition for rehearing which it did not finally dispose of until February 29, 2008. Petitioner reasons that since the Court of Appeals did not dispose of the petition for rehearing until February 29, 2008, under Supreme Court Rule 13.3 the 90 day period for filing a petition in the Supreme Court ran from that date rather than from the date the Court of Appeals issued its opinion affirming petitioner's convictions.[3] Thus, according to petitioner, the 90 day period for filing a petition in the Supreme Court ran until May 29, 2008, and the one year period for filing a motion under § 2255 ran until May 29, 2009, which makes his § 2255 motion timely. Petitioner's argument is unpersuasive.

Nothing in the record explains why the mandate in petitioner's appeal was not issued until March 6, 2008. However, as the government points out, Rule 41(b) allows the Court of Appeals to "shorten or extend the time" provided for in that rule. This Court therefore declines to attach any

---

[3] Supreme Court Rule 13.3 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

REPORT AND RECOMMENDATION
PAGE 4

significance to the fact that the mandate was issued more than seven days after the expiration of the time for filing a petition for rehearing.

The record before this Court makes clear that no petition for rehearing was ever filed. Thus, under the plain terms of Supreme Court Rules 13.1 and 13.3, petitioner had 90 days after entry of the Court of Appeals' ruling affirming his convictions, or until approximately February 27, 2008, to file a petition for writ of certiorari.[4] Because petitioner filed no such petition, petitioner's convictions became final for purposes of § 2255 on February 27, 2008. Petitioner was therefore required to file his § 2255 motion not later than February 27, 2009. Petitioner did not sign his § 2255 motion until May 5, 2009, over two months after the expiration of the statute of limitations. Petitioner's § 2255 motion is therefore untimely.

## CONCLUSION

As the record makes clear that petitioner filed his § 2255 motion outside the limitations period, this Court recommends that the government's motion to dismiss be granted and that this action be dismissed with prejudice. A proposed order is attached to this Report and Recommendation.

DATED this 13th day of October, 2009.

Mary Alice Theiler
United States Magistrate Judge

---

[4] The government notes in its motion to dismiss that its extended deadline for filing a petition for rehearing was January 14, 2008, and that even if one were to argue that petitioner's conviction did not become final until 90 days after that deadline passed with no petition for rehearing being filed, petitioner's § 2255 motion was still untimely. (*See* Dkt. No. 8 at 5 n. 2.) While, mathematically speaking, the government is certainly correct, nothing in the applicable rules suggests that the extended deadline for filing a petition for rehearing alters the starting date for the 90 day calculation given that no such petition was ever filed.

REPORT AND RECOMMENDATION
PAGE 5