UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALFONSO ALLAN BROOKS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C09-0650-MJP (CR03-311-MJP)

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner Alfonso Brooks has filed a motion under 28 U.S.C. § 2255 seeking relief from the sentence imposed following his 2004 convictions on drug and firearm charges. (Dkt. No. 1.) Petitioner identifies seven grounds for relief in his motion, including six grounds in which he challenges the effectiveness of his trial and appellate counsel, and a final ground in which he challenges the imposition of a five year mandatory minimum sentence on his firearm charge. (*See id.*, Memorandum at 4-7.)

On October 13, 2009, the undersigned issued a Report and Recommendation ("R&R") recommending that this action be dismissed on the ground that petitioner filed his § 2255 motion outside the limitations period. (Dkt. No. 12.) On October 26, 2009, petitioner filed

objections to the Report and Recommendation in which he argued for the first time that he was entitled to equitable tolling of the statute of limitations. (Dkt. No. 13.) On November 18, 2009, the Honorable Marsha J. Pechman, United States District Judge, issued an Order re-referring the matter to this Court for consideration of petitioner's equitable tolling argument. (Dkt. No. 14.) In accordance with Judge Pechman's Order, this Court directed the government to file a response to petitioner's equitable tolling argument. (Dkt. No. 16.) The government filed its response on December 3, 2009, and petitioner thereafter filed a reply to the government's response. (Dkt. Nos. 18 and 19.) The briefing on the equitable tolling issue is complete and this Court's discussion of the re-referred issue follows.

The statute of limitations set forth in § 2255 is subject to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner must establish that the extraordinary circumstance was caused by an external impediment and, thus, was beyond his control. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007) ("[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence"). *See also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (an external force must cause the untimeliness, and thus, mere oversight, miscalculation

or negligence on the petitioner's part would preclude the application of equitable tolling).  A petitioner must also establish that the extraordinary circumstance asserted was, in fact, the reason why the federal habeas petition was untimely.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003).   "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006).

In his objections to this Court's original Report and Recommendation, petitioner presents the following four arguments in support of his contention that he is entitled to equitable tolling: (1) he was never given proper notice of the date on which his conviction became final; (2) the government and the court failed to correct petitioner's erroneous filing deadline calculations though they had an opportunity to do so well in advance of the deadline; (3) his efforts to timely prepare and file his motion were hampered by the government and the court, both of which deprived him of the materials necessary to identify his claims and to discover when his conviction became final; and, (4) his efforts to timely prepare and file his motion were hampered by deficiencies in the law library and by his mandatory work schedule at his place of incarceration.  (*See* Dkt. No. 13.)

The government, in its response to petitioner's equitable tolling argument, addresses only one portion of the argument; *i.e.*, petitioner's contention that library deficiencies and his institutional work schedule hampered his ability to timely prepare his § 2255 motion.   While the response is of limited usefulness because of its failure to address the majority of petitioner's arguments, the Court rejects petitioner's suggestion that the government's failure to respond to

certain arguments should be construed as a concession that those arguments are meritorious.[1]

***1. Proper Notice***

Petitioner first argues that he was denied proper notice of the date on which his conviction became final. This Court's conclusion, as set forth in the original Report and Recommendation, that petitioner's § 2255 motion was untimely, turned on its determination of when the time for filing a petition for writ of certiorari with the United States Supreme Court began to run. Petitioner argued that given the clear language of Fed. R. App. P. 41(b), the relevant date was February 29, 2008, a date seven days prior to the date the Court of Appeals issued it mandate on petitioner's direct appeal. The government argued, and this Court agreed, that the relevant date was November 29, 2007, the date the Court of Appeals issued its opinion affirming petitioner's conviction. This Court based its conclusion on the clear language of Supreme Court Rules 13.1 and 13.3. Petitioner now argues that if this Court's analysis is adopted, he is entitled to equitable tolling because he was never given proper notice of the date on which his conviction became final. Petitioner suggests that either the Court of Appeals or his appellate counsel had a responsibility to inform him of that date, but failed to do so.

Petitioner cites no authority to support the proposition that the Court of Appeals and/or his appellate counsel had an obligation to specifically inform him of the date on which his conviction would be deemed final for purposes of filing a collateral attack on that conviction. Petitioner's argument regarding lack of proper notice amounts, at most, to a concession that he

---

1 The Court notes that the government, in its reply brief in support of its motion to dismiss, did touch on some of the tolling arguments which are now before the Court for consideration and this Court has considered those arguments in reaching its conclusion with respect to the equitable tolling issue.

failed to accurately identify, or did not fully understand, the relevant rules. As noted above, ignorance of the law does not excuse the failure to file a timely petition. Thus, petitioner is not entitled to equitable tolling on the ground that he lacked proper notice.

***2. Failure to Correct Calculation***

Petitioner next argues that both the government and the court were on notice as early as September 2008 that he had improperly calculated his deadline for filing a motion under § 2255 and yet took no steps to correct the error. The "notice" which petitioner references in this argument was actually a discussion of the statute of limitations which petitioner incorporated into a brief filed in the underlying criminal action on September 5, 2008, in which he was trying to convince the court to compel the government to provide him with materials he believed were necessary in order to prepare his § 2255 motion. During the course of that discussion, petitioner stated as follows:

> The relevant date in this case is the date on which the Ninth Circuit Court of Appeals issued its Mandate in Mr. Brooks [sic] direct appeal, No. 05-30261. Or arguably, after the statutory time limit of ninety days for filing a petition for writ of certiorari with the United States Supreme Court had expired. The earliest of the two potential filing deadline dates is March 6, 2009.

(CR03-311-MJP, Dkt. No. 587 at 6.)

According to petitioner, this statement establishes that he believed the time period for filing a petition for writ of certiorari "extended well beyond the mandate's March 6, 2008 date." (Dkt. No. 13 at 6.) He asserts that if the government and the court were aware that the period for filing a petition for writ of certiorari actually expired on or about February 27, 2008, the failure to respond to, and correct, his obviously erroneous calculation denied him "fair and legal notice of the date his conviction became final, or the events and circumstances dictating when

Mr. Brooks [sic] conviction became final." (*See* Dkt. No. 13 at 7.) However, because the statement at issue was set forth in a reply brief which petitioner filed in support of his own motion to compel, the government essentially had no opportunity or obligation to respond. And, the court would not have addressed the issue of the guideline calculation because that was not the issue presented for consideration.

Once again, it appears petitioner is merely attempting to assign responsibility to others for his own mistake. Nothing in the record suggests that the actions of either the government or the court were improper, or, in any event, that those action actually impeded petitioner's ability to file a timely § 2255 motion. Thus, petitioner is not entitled to equitable tolling on the ground that the government and the court failed to correct his guideline calculation error.

***3. Deprivation of Materials***

Petitioner's third argument in support of his contention that he is entitled to equitable tolling is that though he was extremely diligent in his efforts to timely prepare and file his § 2255 motion, he was unduly hampered by the government and the court, both of which deprived him of information contained within his case file necessary to identify his claims. (*See* Dkt. No. 13 at 7-8.) In support of this argument, petitioner notes his several attempts to obtain his case file materials by court order. (*See id.*)

The record reflects that beginning in June 2008, petitioner filed a series of motions in the underlying criminal matter seeking documents from the court file, and discovery materials from the government, for purposes of preparing his § 2255 motion. (*See* CR03-311-MJP, Dkt. Nos. 564, 572, 573, 576, 585 and 588.) The Court granted petitioner's requests for documents from the court file, but denied his requests for discovery materials. The Court, in denying

petitioner's request for an order compelling the government to produce discovery materials, noted that petitioner had not yet filed his § 2255 motion and that "pre-petition discovery" was impermissible. (*Id.*, Dkt. No. 589 at 2.)

Because petitioner's discovery request was improper, it cannot be said that either the government or the court obstructed his ability to timely file his § 2255 motion. Moreover, petitioner fails to establish that the lack of access to discovery materials was the cause of his failure to timely file his motion. The claims identified by petitioner in his § 2255 motion should all have been identifiable without access to the discovery materials. At most, access to the discovery materials might have assisted petitioner in his identification of additional claims, but the lack of access to those materials does not explain his failure to timely present his motion for filing.

Petitioner also asserts that he was deprived of pertinent information within the case file regarding any action taken by the government or the Court of Appeals with respect to any petition for rehearing.[2] (*See* Dkt. No. 13 at 8.) Petitioner fails to make clear what information he might have come across in the case file which would have clarified for him the date on which his conviction became final. It appears clear that petitioner's purpose in requesting his file was to identify substantive claims, not to search for clues as to when his conviction became final.

Petitioner fails to demonstrate that his lack of access to his case file and to discovery materials was the cause of his failure to timely file his § 2255 motion. Thus, he is not entitled

---

2 As explained in the original Report and Recommendation, petitioner's argument that his § 2255 motion was timely was based in substantial part on the manner in which the Court of Appeals treated a motion for extension of time for panel rehearing which was filed by the government after the Court of Appeals affirmed petitioner's convictions.

to equitable tolling on these grounds.

***4. Deficiencies in Law Library***

Petitioner's final argument in support of his contention that he is entitled to equitable tolling is that his efforts to prepare his § 2255 motion in a timely fashion were hampered by deficiencies in the prison law library. More specifically, petitioner asserts that the Bureau of Prisons removed large portions of the previously available research materials from the prison library and stored them at another location within the institution as they prepared to install a computerized Lexis/Nexis legal research system. (Dkt. No. 13 at 9.) According to petitioner, this change necessitated that he make written requests for specific legal materials and then wait for institution library personnel to provide the requested materials. (*Id.*) Petitioner maintains that this more cumbersome process for obtaining legal materials, in combination with his mandatory work schedule and available library hours, made his research attempts "extremely difficult if not prohibitive or impossible." (Dkt. No. 13 at 9.)

Petitioner does not specifically identify the length of time during which he was subjected to this more restrictive system of legal access nor does he identify any specific instances when requests for materials were unreasonably delayed or went unanswered altogether. In fact, the record is devoid of any evidence that the restrictions complained of were, in fact, the cause of his failure to timely file his § 2255 motion. Thus, petitioner is not entitled to equitable tolling based on the alleged deficincies in his institutional law library.

***5. Conclusion***

While petitioner offers up various explanations for his failure to timely file his § 2255 motion, he fails to satisfy this Court that this failure was caused by an external impediment

beyond his control. Whether petitioner's failure is attributed to a lack of diligence or, simply, to a misunderstanding of the rules governing the calculation of the limitations period, neither explanation entitles petitioner to equitable tolling of the statute of limitations.

Because the statute of limitations expired on or about February 27, 2009, and because petitioner did not sign his § 2255 motion until over two months later, on May 5, 2009, petitioner's motion is untimely and should therefore be dismissed with prejudice.

DATED this 9th day of March, 2010.

Mary Alice Theiler
United States Magistrate Judge