1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

ALFONSO ALLAN BROOKS,

5
                        Petitioner(s),

6        v.                                          NO. C09-650MJP
                                                      (CR03-311MJP)
7   UNITED STATES OF AMERICA,
                                                     ORDER ON REPORT &
                        Respondent(s).               RECOMMENDATION
8

9

10          The above-entitled Court, having received and reviewed

11      1.      Report and Recommendation re: Motion to Dismiss Petition (Dkt. No. 12)

12      2.      Objections to Report and Recommendation re: Motion to Dismiss Petition (Dkt.

13              No. 13)

14      3.      Supplemental Report and Recommendation re: Motion to Dismiss Petition (Dkt.

15              No. 20)

16      4.      Amended Objections to Supplemental Report and Recommendation re: Motion to

17              Dismiss Petition (Dkt. No. 22)

18  and all attached declarations and exhibits, makes the following ruling:

19          IT IS ORDERED that the Report and Recommendation is ADOPTED and Petitioner's § 2255

20  petition is DISMISSED with prejudice.

21  **Background**

22          The Court cannot improve on the summation of the procedural history of this petition found

23  in the Report and Recommendation ("R&R"):

24              On June 28, 2004, Petitioner was found guilty, following a jury trial, of multiple drug
            trafficking offenses and of possessing a firearm during and in furtherance of a drug offense.
25          (CR03-311-MJP, Dkt. No. 384.)  On May 23, 2005, Petitioner was sentenced to a total term

26  **ORDER ON**
    **RPT & RECOMM - 1**

of 300 months imprisonment.  (*Id.*, Dkt. Nos. 491 and 492.)  Petitioner filed a timely notice of appeal on May 31, 2005.  (*Id.*, Dkt. No. 494.)  And, on November 29, 2007, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming Petitioner's convictions.  <u>*See*</u> <u>United States v. Alfonso Allan Brooks</u>, 508 F.3d 1205 (9th Cir. 2007).

After the Court of Appeals issued its opinion, the government moved for, and was granted, an extension of time to file a petition for rehearing.  (*See* Dkt. No. 8, Ex. 1 at 7, Dkt. No. 70.)  The Court of Appeals established a deadline of January 14, 2008, for the filing of any petition for rehearing.  (*Id.*)  No petition for rehearing was ever filed and the Court of Appeals issued its mandate on March 6, 2008.  (*Id.*, Ex. 1 at 8, Dkt. No. 72.)

On May 11, 2009, this Court received the instant § 2255 motion for filing.  (Dkt. No. 1.)  A review of the motion reveals that it was signed by Petitioner, and delivered to institutional authorities for mailing, on May 5, 2009.  (*See id.* At 14-15.)

R&R, p. 2.

**Discussion**

The government moved to dismiss Petitioner's § 2255 motion on the grounds that his post-conviction motion was filed after the one-year statutory deadline.  Petitioner responded with two counterarguments: (1) that his filing did not violate the statute of limitations and (2) assuming *arguendo* that it did, he was entitled to equitable tolling of the limitations period.  The Court will address each argument in turn.

Post-conviction statute of limitations

Post-conviction motions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  According to AEDPA, § 2255 motions are subject to a one-year statute of limitations which begins to run from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  The Supreme Court has settled the issue of when a conviction becomes final: "[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."  <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003).

Petitioner did not file a petition for review after the Ninth Circuit affirmed his conviction on November 29, 2007.  Under Supreme Court Rule 13.1, he had 90 days to do so from the date of entry of the order to file the petition for writ of certiorari – 90 days from November 29, 2007 is February

**ORDER ON
RPT & RECOMM - 2**

27, 2008.  That is the date ("when the time for seeking such review expires") that the one-year statute of limitations clock on his § 2255 motion began ticking.

Petitioner relies on two statutes to make his argument that the 90-day writ of certiorari limitations period did not begin to run until February 29, 2008.  The first is Supreme Court Rule 13.3:

> The time to file a petition for writ of certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

The second statute Petitioner cites on behalf of his position is Fed.R.App.P. 41(b) concerning mandates, which states:

> **When issued**.  The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later.  The court may shorten or extend the time.

Petitioner's argument is that the failure of appellate court to issue its mandate on January 21, 2008 (seven days after the expiration of the government's extended deadline for filing the petition for rehearing) must mean that the Ninth Circuit treated the request for extension of time as an _actual_ petition for rehearing.  Obj'ns to R&R, p. 4.  Since the mandate did not issue until March 6, 2008, then the _de facto_ petition for rehearing was not "denied" until February 29, 2008 (seven days prior to that date).  According to that logic, Petitioner then had 90 days from February 29, 2008 to file his request for writ of certiorari and his one-year statute of limitations under AEDPA would not have begun to run until May 29, 2008 and would not have expired until May 29, 2009.

It is not a persuasive argument.  While the Court can find it understandable that Petitioner might have neglected to track the filing or non-filing of the government's petition for rehearing and relied instead on the issuance of the mandate to cue him to file his § 2255 motion, the fact remains

**ORDER ON**
**RPT & RECOMM - 3**

that he had no right to rely on that event to define the beginning of the limitations period on his

request for post-conviction relief.  Although the initial section of Fed.R.App.P. 41(b) is couched in

"mandatory" language, its final sentence ("The court may shorten or extend the time.") renders its

deadlines unenforceable and, hence, unreliable.  Ultimately, the appellate court is under no obligation

to file its mandate seven days after the time for filing a rehearing petition expires, and Petitioner is

not entitled to rely on that event to calculate his filing timeline.  He is, instead, obligated to keep

track of the state of his appeal, the filing (or non-filing) of petitions for rehearing, and the running of

the limitations period on his own.

With the failure of the government to file a petition for rehearing, Petitioner had 90 days from

November 29, 2007 to file his petition for writ of certiorari, then had one year from February 27,

2008 to file his § 2255 motion.  His motion is therefore untimely and barred by the statute.

Equitable tolling

The § 2255 statute of limitations is subject to equitable tolling.  U.S. v. Battles, 362 F.3d

1195, 1197 (9th Cir. 2004).   But the threshold is high and entitlement to it is rare.  Miranda v.

Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

There are two elements required to obtain equitable tolling: Petitioner must show "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  "Extraordinary circumstances" require a

showing of an external obstacle that was beyond Petitioner's control.  See Bryant v. Arizona

Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007)(a petitioner must show that his untimeliness

was not caused "by his own lack of diligence"); see also Waldron-Ramsey v. Pacholke, 566 F.3d

1008, 1011 (9th Cir. 2009)(oversight, miscalculation or negligence on the petitioner's part bars

access to equitable tolling).

**ORDER ON**
**RPT & RECOMM - 4**

1    Petitioner lists four grounds under which he claims to be entitled equitable tolling.  The Court

2    finds that they fall into two categories and will address them accordingly:

3    1.    Petitioner received no proper notice of date on which his conviction became final

4    2.    Neither the appellate court or the government corrected his erroneous deadline calculations

5    Both of these arguments are united by a common flaw – Petitioner cites no case or statutory

6    authority that either the court or the prosecution is under any obligation to perform this fundamental

7    litigation task for him.  His response to this observation ( "[T]he right to be completely and

8    accurately informed of the exact date upon which the conviction became final is such a universally

9    recognized, fundamental issue of right, that no one would ever need to cite case authority to support

10    such a proposition." Amended Obj'ns, p. 6.) merely serves to highlight the absence of any

11    precedential support for his argument.

12    Petitioner also claims that the court and government were "put on notice" of his erroneous

13    calculation by virtue of a discussion of the statute of limitations in a September 2008 brief

14    concerning his underlying criminal conviction.  Obj'ns to R&R, p. 7.  The R&R points out that (1)

15    the evidence of Petitioner's miscalculation appeared in a reply brief to which the government had no

16    opportunity to respond; and (2) the appellate court was not presented with an issue of calculation of

17    limitation periods (the motion was an attempt to compel production of materials from the

18    government), and therefore could not have properly addressed the point.

19    These arguments fail to establish the "extraordinary circumstances" required to entitle

20    Petitioner to equitable tolling of the statutory period.

21    3.    Deprivation of case file materials

22    4.    Deficiencies in the prison law library

23    Petitioner makes the claim that his lack of access to his case file and certain discovery

24    materials constituted another external impediment to his ability to file his § 2255 motion in a timely

25

26    **ORDER ON**
      **RPT & RECOMM - 5**

1   manner.  The Court sees no connection between these allegations and the fatal miscalculation.

2   Petitioner's problem arose from his failure to realize that, when the government failed to file a

3   petition for rehearing, the November 29, 2007 date on which the Ninth Circuit affirmed his

4   conviction became the operative point for the calculation of his "final conviction" date.  Having

5   access to his case file or the discovery materials he requested in advance of filing his § 2255 motion

6   would not have solved this problem.  If a petition for rehearing had been filed, Petitioner would have

7   received a copy and been put on notice.  His failure to realize that not receiving the petition for

8   rehearing was notice of another kind cannot be attributed to any alleged lack of access to his case file

9   or the discovery materials he requested (and was denied).

10          The same holds true for his argument that any deficiencies in the prison law library system

11  might entitle him to equitable tolling.  He simply has not demonstrated how the problems he

12  complains of in accessing legal materials through the prison law library contributed in any fashion to

13  his miscalculation of the filing period for his § 2255 motion.

14

15          Petitioner makes one additional argument concerning the Magistrate Judge's analysis and

16  recommendation to this Court.  Following the issuance of the original R&R, the Court remanded the

17  matter to the Magistrate Judge in order to allow the government to respond to (and the Magistrate

18  Judge to fully analyze) Petitioner's equitable tolling argument.  The government's response

19  addressed only one of the four arguments raised by Petitioner, and the Magistrate Judge was forced to

20  evaluate the validity of Petitioner's arguments without the benefit of fully responsive briefing by the

21  government on this issue.  Petitioner's final argument is that it is somehow improper for the

22  Magistrate Judge to have conducted her own analysis of all four of his arguments when the

23  government (for whatever reason) chose not to.  His thesis is that the government, in failing to

24

25

26  **ORDER ON**
    **RPT & RECOMM - 6**

1   respond to three of his arguments, conceded their validity and the Magistrate Judge should simply

2   have awarded him his requested relief on that basis.

3       Local Rule 7(b)(2) does state that, "[i]f a party fails to file papers in opposition to a motion,

4   such failure *may* be considered by the court as an admission that the motion has merit."  (emphasis

5   supplied.)   It is not a mandatory presumption, however, and must be weighed against the "strong

6   policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  6 Moore's

7   Federal Practice ¶ 55-05(2), at 55-24 to 55-26."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.

8   1986).  The Magistrate Judge was entirely within her authority to independently evaluate and rule

9   upon all of Brooks' arguments, and the Court has adopted her analysis and her rulings in this order.

10  **Conclusion**

11      Petitioner's § 2255 motion was filed more than a year after his conviction became final, and

12  on that basis is untimely.  While the Court finds that he has pursued his appeal diligently, Petitioner

13  has failed to establish any "extraordinary circumstances" beyond his control that would entitle him to

14  equitable tolling of the limitation period for the filing of post-conviction motions.  On this basis, his

15  § 2255 motion will be dismissed with prejudice.

16

17      The clerk is ordered to provide copies of this order to all counsel.

18      Dated: June _21_, 2010

19

20                                          Marsha J. Pechman
                                            U.S. District Judge
21

22

23

24

25

26  **ORDER ON**
    **RPT & RECOMM - 7**