UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALFONSO ALLAN BROOKS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C09-650 MJP<br><br>ORDER ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(B)(6) |

The Court has received and reviewed Petitioner's Motion for Relief from Judgment Pursuant to FRCP 60(b)(6) (Dkt. No. 36), the United States' Response to Motion for Relief from Judgment (Dkt. No. 37), and Petitioner's Reply to United States' Response to Motion for Relief from Judgment (Dkt. No. 40), as well as the relevant documents chronicling the history of this litigation.

IT IS ORDERED that Petitioner's motion is DENIED.

**Background**

Petitioner is a federal prisoner serving a 300-month sentence as a result of his jury trial conviction on multiple counts. His original 2255 petition was filed in May 2009. That petition was ultimately dismissed with prejudice (Dkt. No. 24) based on the finding that Petitioner had filed his claims 67 days after the expiration of the one-year statutory deadline contained in 28 U.S.C. § 2255(f). Dkt. No. 23.

Petitioner filed a notice of appeal of that ruling and requested a certificate of appealability (COA). This Court denied the COA request (Dkt. No. 27), as did the Ninth Circuit Court of Appeals. 9th Cir. No. 10-35963, Dkt. No. 3. His petition for writ of certiorari to the U.S. Supreme Court was denied on January 23, 2012. Id., Dkt. No. 6.

Petitioner fashioned the instant motion pursuant to FRCP 60(b)(6), alleging that "a defect in the integrity of this Court's previous § 2255 proceeding has occurred to [his] detriment, thereby entitling him to relief from this Court's judgment." Dkt. No. 36, p. 9.

**Discussion**

FRCP 60 is a procedural rule which permits district courts to set aside a civil judgment, order or proceeding under certain specified conditions. The section cited by Petitioner states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> *****
> (6) any other reason that justifies relief.

Petitioner's motion under this rule fails for two interrelated reasons: his grounds for invoking FRCP 60(b)(6) are merely a restatement of one of his claims in the 2255 proceeding, and those grounds do not constitute a "defect in the integrity" of his original 2255 proceeding (a prerequisite to the relief he seeks).

Petitioner is not permitted to rely on FRCP 60(b) to raise a claim that is otherwise prohibited according to the rules which govern habeas proceedings. *See* 28 U.S.C. § 2255, Rule 12; FRCP 81(a)(4)(A); <u>Gonzalez v. Crosby</u> 545 U.S. 524, 529-30 (2005). If a motion raises a "claim" for relief from a conviction or sentence, it is subject to the rules regarding habeas petitions, not FRCP 60(b). <u>Gonzalez</u>, at 530-32.

The basis upon which Petitioner claims relief under rule 60(b) concerns his allegation that he miscalculated the filing deadline for his 2255 petition because he relied on representations by his appellate counsel (who had represented him on the direct appeal of his criminal conviction; he has prosecuted his habeas petition as a *pro se* party).[1] That this represents a "claim" for relief from his conviction or sentence is irrefutable; in fact, Petitioner raised this very claim in his 2255 pleadings. *See* Dkt. No. 13, p. 5. He is not permitted to re-fashion this claim as a Rule 60(b) motion and have a second bite at that apple.

Petitioner amends his legal theory somewhat in his reply brief, contending that it is actually this Court's failure to give his "justifiable reliance on advice of counsel" argument its proper due that constitutes the "defect in the integrity of the [§ 2255] proceedings" which permits him access to Rule 60(b). Reply, p. 5 (citing <u>Gonzalez</u>, 545 U.S. at 532). Petitioner is correct that <u>Gonzalez</u> recognized that a "defect in the integrity of the federal habeas proceedings" can justify the reopening of a § 2255 case under Rule 60(b). <u>Id.</u> Where he errs is in his insistence that this Court's rejection of his "justifiable reliance" argument in the § 2255 case represents a "defect in the integrity" of that proceeding.

---

[1] "Relator maintains that during his direct appeal process… counsel misled him via letter, which contributed to his inadvertent late filing of his § 2255. Suffice it to say this resulted in a clear violation of counsel's fiduciary duty owed to Relator.
   "Accordingly, Relator asks this Court to find that the cumulative prejudicial affect (*sic*) of the above entitles him to relief via Rule 60(b)(6)…" Motion, p. 9.

As the Ninth Circuit has made clear, "[t]o show a defect in the integrity of his first § 2255 proceeding, [Petitioner] must point to something that happened during that proceeding that rendered its outcome suspect." U.S. v. Buenrostro, 638 F.3d 720, 722-23 (9th Cir. 2011). That "something" is not an alleged error in legal analysis by the Court; it is more in the nature of a "fraud on the habeas court [which] must involve an unconscionable plan or scheme . . . designed to improperly influence the court in its decision." Abatti v. Commissioner of the IRS, 859 F.2d 115, 118 (9th Cir. 1988).

Petitioner has made no such allegation. His initial allegation (that he justifiably relied to his detriment on the advice of counsel) is simply a reiteration of one of his initial 2255 claims. His amended allegation – that this Court's failure to credit his "justifiable reliance" argument was a "defect in the integrity of the proceedings" – is nothing more than an assignment of legal error, grounds for his appeal of the dismissal of his habeas petition and nothing more.

**Conclusion**

Petitioner's motion under this rule fails because (1) his grounds for invoking FRCP 60(b)(6) are merely a restatement of one of his claims in the 2255 proceeding, and (2) those grounds do not constitute a "defect in the integrity" of his original 2255 proceeding. In the absence of such a defect, he may not use Rule 60(b) to accomplish what he could not accomplish by his habeas petition. On that basis, his motion is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of August, 2012.

Marsha J. Pechman
United States District Judge